# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0065V

FAY M. HAAS,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: October 13, 2023

*Bobbie L. Flynt, Crandall & Pera Law, LLC, Chagrin Falls, OH, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On January 21, 2022, Fay M. Haas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration ("SIRVA") as the result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine received on March 9, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 19, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 12, 2023, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

**Pursuant to the terms stated in the attached Proffer, I award the following:**

**A. A lump sum payment of $64,500.00 (representing actual pain and suffering) in the form of a check payable to Petitioner.**

**B. A lump sum payment of $5,648.82, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to Petitioner and:**

**Treasurer, State of Ohio**
**Ohio Tort Recovery Unit**
**5475 Rings Road Suite 125**
**Dublin, OH 43017**

**Petitioner agrees to endorse this payment to Treasurer, State of Ohio for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| FAY HAAS, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 22-0065V <br> Chief Special Master Corcoran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 21, 2022, Fay Haas ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination received on March 9, 2020. Petition at 1. On September 18, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on September 19, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 34; ECF No. 35.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that Fay Haas should be awarded $64,500.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.      Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a State of Ohio

Medicaid lien in the amount of $5,648.82, which represents full satisfaction of any right of

subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any

individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of

petitioner from the date of her eligibility for benefits through the date of judgment in this case as

a result of her alleged vaccine-related injury suffered on or about March 9, 2020, under Title

XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner be made through two

lump sum payments as described below:

1)      A lump sum payment of $64,500.00 in the form of a check payable to petitioner.[1]

2)      A lump sum payment of $5,648.82, representing compensation for satisfaction of the State of Ohio Medicaid lien, payable jointly to petitioner and to:

Treasurer, State of Ohio
Ohio Tort Recovery Unit
5475 Rings Road Suite 125
Dublin, OH 43017

Petitioner agrees to endorse this payment to Treasurer, State of Ohio for satisfaction of

the Medicaid lien.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

<div style="margin-left:50%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

</div>

DATED:  October 12, 2023